United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEVEN HUDSON, | No. C 06-03716 SI |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |

On June 9, 2006, petitioner Robert Steven Hudson filed a petition for writ of habeas corpus challenging the August 18, 2004 decision of the Board of Parole Hearings to deny him parole. Respondent now moves to dismiss various claims of the petition because (1) they are barred by the statute of limitations, (2) one of his claims is unexhausted, and (3) his request for an evidentiary hearing is unwarranted. For the following reasons, the Court GRANTS respondent's motion.

**BACKGROUND**

Having pled guilty to first degree murder, Hudson was sentenced on July 10, 1984 to a prison term of 25 years to life. *See* Mot., Ex. 1. Hudson was given credit for 148 days served. *See id.* According to Hudson, both he and the District Attorney understood "that assuming good behavior, Hudson would be released at no later than twelve and one half (12 ½) years." Pet. at 3:19-20. Despite this alleged understanding, and despite his good behavior, Hudson has now spent well more than 12 ½ years in prison. Hudson therefore argues that the Board's denial of parole violated the terms of his guilty plea, by keeping him in custody beyond 12 ½ years. Hudson also argues that the government has failed to abide by other "very unambiguous promises of accommodation which were put on record"

during the plea.[1]  Pet. at 11:5-7.  Hudson also claims that, even putting aside the breach of plea agreement issue, the Board's denial of parole violates the due process clause because he is eligible for parole under all of the relevant criteria.

Hudson's sentence was imposed on July 10, 10084.  His initial state court petition for writ of habeas corpus was filed in Los Angeles County Superior Court on January 20, 2005.  His petition in this Court was filed on June 9, 2006.

## DISCUSSION

### I.  Statute of limitations

Respondent moves to dismiss Hudson's breach of plea agreement claims on statute of limitations grounds.  For the following reasons, the Court GRANTS respondent's motion.

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period applies to Hudson's petition because he is in custody pursuant to a state court judgment, even though he challenges an administrative decision rather than his conviction.  *See Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004); *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004).  There are four alternative starting dates under section 2244(d)(1), and the one that is applicable here is the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  *See Shelby*, 391 F.3d at 1066; *Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2003).

Here, the factual predicate for Hudson's plea-based claims is the state's failure to release him on parole after 12 ½ years in custody as allegedly required by the plea agreement.  Hudson completed 12½ years in custody in January, 1997.  Therefore, when this date passed and he was not released, Hudson knew or should have known the factual predicate underlying his breach of plea agreement claims.  The breach of plea agreement claims are therefore untimely under the statute of limitations because they were not filed in Superior Court until eight years later (January, 2005), and not filed in this

---

[1]Those additional promises are discussed and evidenced in documents filed under seal.

2

Court until over nine years later (June, 2006). *See Redd*, 343 F.3d at 1083 (date of the factual predicate is determined "by inquiring when [the petitioner] could have learned of the factual basis for his claim through the exercise of due diligence."); *Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005) ("petitioner asserts he was entitled to release from custody on his 'minimum eligible parole date' ('MEPD') . . . and the [parole board] breached his plea agreement by continuing to incarcerate him beyond this date. Under Section 2244(d)(1)(D), petitioner was, or with the exercise of reasonable diligence, should have been aware of the factual predicate of this claim no later than April 11, 1990, the date he believes his sentence should have expired.") (citations omitted).

Similarly, the special accommodations allegedly promised by the government as part of the plea agreement were never given to petitioner. The government's failure to provide those accommodations would have been apparent to petitioner soon after he began serving his sentence, over twenty years ago. The breach of plea agreement claim, to the extent it is based on a failure to provide those special accommodations, is also therefore untimely.

Hudson argues that "[e]ach time that the Defendant seeks to enforce the settlement agreement, and is denied parole, the action of the Board is a valid foundational basis for bringing a habeas challenge." Oppo. at 3. In support of his argument, Hudson cites the Ninth Circuit's opinion in *Brown v. Poole*, 337 F.3d 1155 (9th Cir. 2003). In *Brown*, as here, the petitioner, Brown, argued that the express terms of her plea agreement contemplated that she would be released after serving half of the minimum term. *See id.* at 1157. The Ninth Circuit agreed with petitioner and granted the writ. Hudson argues that in *Brown*, Brown filed her petitioner well more than a year after the mid-point of her minimum term, and the Ninth Circuit did not find the petition untimely. There are multiple problems with Hudson's reading of *Brown*.

First, the Ninth Circuit did not explicitly address the issue facing the Court here. Second, the opinion does not include many of the dates relevant to this case. The dissenting opinion states that Brown received a 15 years-to-life sentence on February 28, 1986. *See id.* at 1163. According to Brown, she should have been entitled to release, under the plea agreement, in September 1993. *See id.* However, according to the dissent, "Brown did not see fit to claim entitlement to release pursuant to her plea agreement until nearly three years after she says she should have gotten out." *Id.* This suggests

3

that Brown's petition was filed in late 1996.

Hudson relies on these facts to argue that the Ninth Circuit allowed Brown to wait three years after the allegedly agreed-to release date to file a petition. However, these facts also demonstrate that the relevant conduct in *Brown* occurred before the effective date of AEDPA, and thus before the imposition of the one-year statute of limitations which controls Hudson's case. The information provided in the dissent suggests that Brown finally filed a claim based on the breach of plea agreement in late 1996. AEDPA became effective on April 23, 1996. Under AEDPA's initial grace period, prisoners with pending claims were "required to file any remaining federal petition for which they were otherwise eligible within one year of AEDPA's effective date, that is, by April 24, 1997." *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). Thus even if Brown's breach of plea claim accrued in 1993, she was timely in raising that claim in late 1996. Therefore, the Ninth Circuit's failure to raise the statute of limitations issue faced here is of no consequence.

Under Hudson's reasoning, a statute of limitations would never bar a breach of contract kind of claim because one could simply demand further performance on a long-breached contract that the other party had clearly shown he was not going to perform and then file suit on it. But that is not the law. The limitations period clock starts ticking when the breach occurs, and here that was when the allegedly agreed-upon date for release arrived and Hudson remained in prison. If he thought the plea agreement called for him to be released after 12.5 years, he has known for 10 years that didn't happen. If he thought he was entitled to special accommodations soon after incarceration, he has known for over 20 years that didn't happen.

The AEDPA statute of limitations therefore bars Hudson's claims that are based on a breach of the terms of the plea agreement. Respondent's motion to dismiss those claims is GRANTED[2].

## II.  **Failure to exhaust**

Respondent next argues that Hudson did not exhaust his claim that the State breached the plea agreement by failing to provide the special accommodations that were promised. In light of the

---

[2]Hudson's claims are not clearly delineated in the petition, making it difficult to specifically identify the dismissed claims.

4

foregoing conclusion that the statute of limitations has run on this claim, respondent's failure to exhaust argument is moot.

### III. Motion for an evidentiary hearing

Hudson seeks "an evidentiary hearing to resolve factual issues regarding the plea." Pet. at 33:16-17. Respondent moves to dismiss this request. In light of the foregoing, dismissing Hudson's plea-based claims on statute of limitations grounds, the factual issues regarding the plea are irrelevant. The Court therefore GRANTS respondent's motion to dismiss Hudson's request for an evidentiary hearing.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court GRANTS respondent's motion to dismiss petitioner's breach of plea agreement claims, and petitioner's request for an evidentiary hearing. [Docket No. 8] Because petitioner has claims independent of the plea bargain issues, the Court now sets the following briefing schedule for petitioner's remaining claims:

1. Respondent must file and serve his answer no later than **June 22, 2007**.

2. Petitioner must file and serve his traverse no later than **July 27, 2007**.

**IT IS SO ORDERED.**

Dated: May 14 , 2007

SUSAN ILLSTON
United States District Judge

5