STEVE M. DEFILIPPIS
State Bar No. 117292
PICONE & DEFILIPPIS
625 N. First Street
San Jose, CA 95112
(408) 292-0441

Attorneys for Petitioner,
ROBERT STEVEN HUDSON

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT STEVEN HUDSON<br><br>Petitioner,<br><br>vs.<br>BEN CURRY, Warden<br><br>Respondent<br><br>On Habeas Corpus.<br>_____/<br>BOARD OF PRISON TERMS,<br>ARNOLD SCHWARZENEGGER,<br>Governor,<br><br>Real Parties In Interest<br>_____/ | CASE NO. C 06-3716 SI<br>[Los Angeles Co. Sup. Court Case #BH003162; Cal. Ct. of App. Case #B183215; Cal. Supreme Ct. Case #S134527]<br><br>***MOTION FOR 2nd EXTENSION OF TIME TO FILE TRAVERSE TO RESPONDENT'S ANSWER*** |

I, STEVE M. DEFILIPPIS, declare as follows:

    1. I am an attorney at law duly licensed to practice before all Courts of this state. I am also admitted to practice in the Northern, Southern, Eastern and Central Districts of California, the Ninth Circuit, and the United States Supreme Court. I am a member of the law firm of PICONE

& DEFILIPPIS, attorneys for the Petitioner, ROBERT STEVEN HUDSON, in this action.

2. I have personal knowledge of the facts stated herein, and if called as a witness, I can competently testify thereto.

3. On September 10, 2007, Petitioner is due to file his Traverse to the Respondent's Answer. However, I will be unable to file the Traverse by that time. I am therefore asking that this Court grant a thirty (30) day extension in which to file the Traverse.

4. One previous extension has been requested and granted.

5. I will need this time to address all of the issues in the answer.

6. Although I had originally anticipated that I would be able to file the Traverse by the current due date, because of the following circumstances, I have been extraordinarily overextended in the last two months, with numerous other deadlines that I have to meet, as well as an ongoing double homicide trial, and despite working extremely long hours, I will be unable to meet this deadline. As this Court may be aware, a large segment of my practice involves the litigation of cases challenging Board of Parole Hearing findings of unsuitability and Governor reversals of grants of parole. Because there are very few attorneys in the state who handle these cases, my workload in parole litigation is extremely heavy to begin with. I ordinarily utilize the assistance of an associate attorney to help me prepare the extensive pleadings, writ petitions and appellate briefs in these cases. However, since the beginning of June, I first lost the associate attorney that was assisting me in these cases, when she moved back to her home state of Wisconsin, then hired a replacement who had to unexpectedly quit after three (3) weeks for personal reasons, and only recently obtained a replacement in July, Jessica Burt-Smith. However, the learning curve in these cases is extremely steep, as there are complicated issues, numerous controlling cases, and a rapidly growing and changing body of law. Thus, Ms. Burt-Smith is only in the early stages of being able to assist in these cases. Furthermore, I was previously assigned out on a seven (7) defendant, double homicide case to Department 35 of the Santa Clara County Superior Court, and that case is extremely complicated, with over 1,000 pages of police reports, and 4,000 pages of other documents. Since she started in July, Ms. Burt-Smith and I have been occupied on nearly a full time basis in the preparation for that case, including the extensive motions are being currently litigated and which are due this week and next on the voluntariness of defendant statements, a motion to dismiss and the severance of the trials of the defendants. In this same time frame, I had two (2) long term secretaries retire, and

another left my employ, including both my primary secretary and her back up, and have had to interview, hire and train the new secretaries in the handling of habeas litigation. This has also greatly increased my workload.

7. These circumstances have left me literally overloaded with the writs and appeals on the parole cases, as my associate is just learning the practice and the procedures for habeas litigation in these matters, and has only recently begun to able to assist on these complicated parole issues. I have approximate a dozen habeas petitions in progress that have due dates because of the AEDPA in the next three to four weeks, as well as a variety of traverses, appellate brief both in numerous state courts of appeal and the 9th Circuit, as well as the extensive filings due in my current homicide trial. Additionally, whenever a state court of appeal denies a habeas challenge on one of these cases, I have only ten (10) days to file a petition for review in the California Supreme Court, and I typically have at least 8-10 cases pending in the California appellate courts at any given time.

8. Despite this, I was on track to complete the Traverse and file on September 10, and had split up the work between Ms. Burt-Smith and myself, had done the majority of the research and had the time frame of this week to work with to complete all of the writing. This Traverse is one of four (4) federal traverses, a respondent's brief, two reply briefs on appeal, a state court traverse and two replies to motions to dismiss, that are due the week of September 10, 2007, all of which were being worked on concurrently. However, on August 30, 2007, I was informed that Ms. Burt-Smith had been hospitalized on an emergency basis, and was going to undergo two (2) separate major abdominal surgeries. Thus, she is obviously currently unable to assist me further in the preparation of the above traverses and briefs that are due this coming week, and will be out a currently unknown period of time. There simply are not enough hours in the day for me to complete these filings by myself, and I am thus having to request short extensions of time. I would anticipate that I can complete the traverse and supporting points and authorities within the next 20-30 days, and I am therefore requesting a thirty (30) day extension to allow for that to occur.

9. Thus, I am asking that a thirty (30) day extension be granted, making Petitioner's Traverse due on or before October 10, 2007.

10. On September 10, 2007, my secretary left a voice message to Attorney General Patricia Heim, regarding my request for Extension, but has not heard back from Attorney

General Patricia Heim.

I declare under penalty of perjury that the foregoing is true and correct, executed this 10th day of September, 2007 in the City of San Jose, County of Santa Clara, State of California.

_____
STEVE M. DEFILIPPIS

STEVE M. DEFILIPPIS
State Bar #117292
PICONE & DEFILIPPIS, A P.L.C.
625 N. First Street
San Jose, CA 95112
(408) 292-0441

Attorneys for Petitioner,
ROBERT STEVEN HUDSON

### IN THE UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

ROBERT STEVEN HUDSON,

    Petitioner,

vs.

BEN CURRY, Warden

    Respondent

On Habeas Corpus.
_____/

BOARD OF PRISON TERMS, ARNOLD SCHWARZENEGGER, Governor,

    Real Parties In Interest.
_____/

**Case No.** C 06-3716 SI
[Los Angeles Co. Sup. Court Case #BH003162; Cal. Ct. of App. Case #B183215; Cal. Supreme Ct. Case #S134527]

***ORDER GRANTING 2nd EXTENSION OF TIME TO FILE TRAVERSE TO RESPONDENT'S ANSWER***

Petitioner, ROBERT STEVEN HUDSON, having duly applied for an extension of time to file his Traverse, and good cause appearing,

IT IS HEREBY ORDERED that the time for filing Petitioner's Traverse is extended through and including October 10, 2007.

Dated: _____

_____
U.S. DISTRICT COURT JUDGE