United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT STEVEN HUDSON,           No. C 06-03716 SI

    Petitioner,                    **ORDER DENYING CERTIFICATE OF APPEALABILITY**

  v.

BEN CURRY,

    Respondent.
                                 /

        Petitioner Robert Steven Hudson has filed a request for a certificate of appealability ("COA"). For the reasons set forth below, the Court DENIES the request.

**BACKGROUND**

        Petitioner filed a habeas petition in this Court on June 9, 2006, challenging the California Board of Parole Hearings' denial of his fourth request for parole at a hearing held on August 18, 2004. On April 15, 2008, the Court issued an order denying the petition, concluding that petitioner's commitment offense provided "some evidence" supporting the decision to deny parole. April 15, 2008 Order at *7 (Docket No. 20). Under Ninth Circuit law in effect at the time, petitioner did not need a COA to appeal the denial of his petition. *See Rosas v. Neilson*, 428 F.3d 1229, 1231-32 (9th Cir. 2005) (per curiam); *White v. Lambert*, 370 F.3d 1002, 1010 (9th Cir. 2004). Recently, however, an en banc panel of the Ninth Circuit ruled in *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) that a prisoner must obtain a COA in order to appeal the denial of a habeas petition challenging a parole denial. In view of *Hayward*, the Ninth Circuit remanded this case to this Court for the limited purpose of determining whether a COA was appropriate. Petitioner has also moved for issuance of a COA.

**DISCUSSION**

Before a habeas petitioner may appeal the denial of a petition for writ of habeas corpus, he must obtain a COA from the court. 28 U.S.C. § 2253(c)(1). "[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Doe v. Woodford*, 508 F.3d 563 (9th Cir.2007) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)) (alteration omitted). The petitioner need not, however, show that his appeal is likely to succeed. *Miller-El*, 537 U.S. at 337.

The Court finds that petitioner has not made a substantial showing that he was denied a constitutional right. Under either the caselaw in effect at the time of this Court's ruling or the standards set out in the new en banc decision in *Hayward*, the Court does not believe it is debatable that petitioner's commitment offense provided "some evidence" in support of a finding of future dangerousness. Petitioner is therefore not entitled to a COA.

**CONCLUSION**

For the foregoing reasons and for good cause shown, petitioner's request for a COA is DENIED. (Docket No. 31).

**IT IS SO ORDERED.**

Dated: June 22, 2010

SUSAN ILLSTON
United States District Judge